IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ronald Lee McCauley, ) | |
| ) | Civil Action No. 6:10-1700-HMH-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Lt. Riley, HFDC; Sgt. Rosemary ) | |
| Sanders, HFDC; and Head Nurse ) | |
| Paula, NLN, HFDC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on three motions for summary judgment filed by the parties (docs. 32, 39, 43). The plaintiff, who is proceeding *pro se*, is a state prisoner. He alleges he was denied dental care while a pretrial detainee at the Hill-Finklea Detention Center in Berkeley County.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

On October 15, 2010, defendant Paula Brodie, identified in the caption as Head Nurse Paula, filed a motion for summary judgment. By order filed October 18, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On October 22, 2010, defendants Lt. Riley and Sgt. Rosemary Sanders filed a motion for summary judgment. Another *Roseboro* order was filed on October 25, 2010, again advising the plaintiff of the summary judgment procedure. On October 25, 2010, the plaintiff filed his response in opposition to defendant Brodie's

motion. That response was also captioned and filed as the plaintiff's own motion for summary judgment against defendant Brodie. Defendant Brodie filed her opposition to the plaintiff's motion for summary judgment on November 11, 2010. Because a timely response to the motion for summary judgment by Lt. Riley and Sgt. Sanders was not received from the plaintiff, this court issued an order on January 26, 2011, giving the plaintiff through February 22, 2011, in which to file his response to the motion. The plaintiff did not file a response in opposition to that motion for summary judgment.

## **FACTS PRESENTED**

The plaintiff is now incarcerated at the Kirkland Correctional Institution. He claims that he was denied adequate dental care while he was a detainee at the Hill-Finklea Detention Center ("HFDC") on charges of Criminal Sexual Conduct with a Minor in the First Degree. Defendant Nurse Brodie is an employee of a private medical entity. Pursuant to a contract agreement between the HFDC and the medical entity, Nurse Brodie provided nursing services to inmates in March 2010.

The plaintiff alleges that on March 23, 2010, he complained of an extreme toothache to Nurse Tammie, who recommended that he put in a "sick request" (comp. at 3). The plaintiff submitted the sick request as recommended on March 23, 2010, and the request stated: "I have a tooth that is needing to be extracted or possibly fixed. It has been bothering me for about two weeks now and the generic Tylenol off of the canteen is no longer helping. I need dental attention as soon as possible" (doc. 1-2). The plaintiff alleges that on or about March 25, 2010, after two days of no response to his initial sick request, he submitted a second request to Lt. Riley complaining about the lack of response to his initial request (comp. at 3; doc. 1-2). The March 25, 2010, sick call request similarly provided that the plaintiff needed "some dental attention in regards to a tooth that needs fixing or extraction" (doc. 1-2). In response to his complaints and the March 25, 2010, sick

2

request, the plaintiff was seen by Nurse Brodie on or about March 29, 2010 (def. Brodie m.s.j., ex. 1). During the visit, the plaintiff informed Nurse Brodie that a molar was "rotting from inside out" and that "he has had to have all molars extracted because of the same condition in the past" (*id.*). Nurse Brodie advised the plaintiff that the HFDC required that she provide only emergency dental services and not routine dental services. (*id.*; def. Brodie m.s.j., ex. 2, Brodie aff. ¶7). The plaintiff exhibited no obvious infection or abscess and was advised to follow up as needed (def. Brodie m.s.j., ex. 1; Brodie aff. ¶6). The plaintiff did not follow up or submit additional sick call requests for emergency dental services. He was evaluated on an unrelated complaint on May 4, 2010, by the contract physician, Dr. Kemisian Etikerentse (def. Riley & Sanders m.s.j., ex. 1, Sanders aff.; ex. 2, medical records).

According to the affidavit of defendant Sanders, the plaintiff was held in administrative segregation at the HFDC on various occasions for, among other things, being caught with prescription medication in his mattress. Defendant Sanders further testified that "sick call" is held three days a week, and emergency medical care is also provided. The only dental care that is offered is emergent. The plaintiff was seen on numerous occasions by the contract physician and nurse. According to his medical records, the plaintiff was also given daily pills for his blood pressure (Sanders aff; medical records).

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

3

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

4

***Deliberate Indifference***

In his complaint, the plaintiff alleges "medical neglect, lack of dental assistance" (comp. at 2). Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). "The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee." *Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) (citing *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir.1988)). The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble,* 429 U.S. 97,102 (1976). This obligation arises from an inmate's complete dependency upon prison medical staff to provide essential medical services. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104. As such, "an inadvertent failure to provide adequate medical care" will not comprise an Eighth Amendment breach. *Id.* at 105-106.

In order to state a claim, "[a] plaintiff must satisfy two elements . . . : he must show a serious medical need and he must prove the defendant's purposeful indifference thereto." *Sires v. Berman*, 834 F.2d 9, 12 (1st Cir. 1987). A medical need is "serious" if "it is diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied,* 500 U.S. 956 (1991). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard. A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the

5

defendant's position." *Miltier v. Burton*, 896 F.2d 848, 851-52 (4th Cir. 1990) (citation omitted). "It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle*, 429 U.S. at 106. Mere negligence or malpractice does not violate the Eighth Amendment. *Id.* Moreover, disagreements between an inmate and a physician over the inmate's proper medical care do not state a Section 1983 claim unless exceptional circumstances are alleged. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

The plaintiff's claim fails on the merits. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. The plaintiff can prove neither the objective nor the subjective elements of a deliberate indifference claim. The plaintiff alleges that Nurse Brodie violated his constitutional rights by the alleged failure to provide him with dental services that included extraction and/or fixing his tooth. Nurse Brodie saw the plaintiff in response to his request and advised him that only emergency dental services were provided at the HFDC. The evidence shows that he was evaluated by Nurse Brodie who determined that the plaintiff did not have an infection or abscess that could be treated medically. He was also advised to follow up as needed. Nurse Brodie clearly did not ignore the plaintiff's complaints, but addressed them with a medical evaluation. There is nothing in the records to suggest that Nurse Brodie intentionally ignored the plaintiff's dental needs in this case.

The plaintiff alleges that Lt. Riley forwarded his sick request to Sgt. Sanders "so she could check with medical" (comp. at 3). The plaintiff has failed to allege that Lt. Riley personally acted or failed to act in violation of his constitutional rights in this regard. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) ("Having failed to allege any

personal connection between [the defendant] and any denial of [the plaintiff's] constitutional rights, the action against him must fail."). Furthermore, to the extent the plaintiff seeks to hold Lt. Riley liable in his supervisory capacity, the doctrine of *respondeat superior* generally is inapplicable to Section 1983 suits. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Vinnedge*, 550 F.2d at 928-29. The plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.). The plaintiff has failed to make such a showing here. *See Miltier*, 896 F.2d at 854 (to bring claim alleging denial of medical treatment against non-medical supervisory prison personnel, inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct). Based upon the foregoing, any medical indifference claim against Lt. Riley fails.

   The plaintiff alleges that, after he put in a sick call request, Sgt. Sanders and Nurse Brodie told him that the HFDC did not offer dental assistance and he should have had his dental problems taken care of before he went to jail (comp. at 3). However, as discussed above, it is undisputed that the plaintiff was later seen and evaluated by Nurse Brodie. The plaintiff has failed to show that Sgt. Sanders was personally involved in any denial of treatment, interfered with treatment, or tacitly authorized or was indifferent to any misconduct by the medical staff.

   Based upon the foregoing, the plaintiff cannot establish that his constitutional rights were violated by the defendants.

*State Law Claims*

Having found that the defendants are entitled to summary judgment regarding the plaintiff's constitutional claims, it is recommended that the court decline to exercise supplemental jurisdiction over any claims for relief asserted pursuant to state law. See 28 U.S.C. § 1367(c).

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, this court recommends that the defendants' motions for summary judgment (docs. 32, 39) be granted and the plaintiff's motion for summary judgment (doc. 43) be denied.

s/Kevin F. McDonald
United States Magistrate Judge

March 7, 2011

Greenville, South Carolina